IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | |
|---|---|
| BETHANIA CASTELLON PALMA, | § |
| | § |
| Petitioner, | § |
| | § |
| v. | § |
| | § CAUSE NO. EP-25-CV-693-KC |
| MARY DE ANDA YBARRA et al., | § |
| | § |
| Respondents. | § |

## ORDER

On this day, the Court considered Bethania Castellon Palma's Petition for a Writ of Habeas Corpus, ECF No. 1. Castellon Palma is held in immigration detention at the El Paso Camp East Montana Detention Facility in El Paso, Texas. *Id.* ¶ 1. She argues that her detention is unlawful and asks the Court to order her release or a bond hearing. *Id.* ¶ 23–88; *id.* at 16.

Castellon Palma entered the country in December 2022, was placed in removal proceedings, and released on her own recognizance. *Id.* ¶¶ 56–57. She was arrested by immigration authorities and re-detained on November 7, 2025. *Id.* ¶¶ 15, 62. In its Show Cause Order, ECF No. 3, the Court noted that, "[a]s alleged, [Castellon Palma's] case appears materially indistinguishable from several others in which this Court has found a procedural due process violation. *See, e.g.*, *Lopez-Arevelo v. Ripa*, --- F.Supp.3d ----, 2025 WL 2691828, at *1–13 (W.D. Tex. Sept. 22, 2025)." Show Cause Order 1. The Court thus asked Respondents to engage with its prior decisions and "explain whether the facts of Castellon Palma's case warrant a different outcome." *Id.*

Respondents declined the invitation. *See generally* Resp., ECF No. 4. They fail to discuss *Lopez-Arevelo* or explain why the Court's reasoning in that case does not compel the

same result here. *See generally id.* In their only fleeting citation to it, they appear to concede that *Lopez-Arevelo* is directly on point and contrary to their legal position. *See id.* at 8 ("That the alien in *Thuraissigiam* failed to request his own release in his prayer for relief does not make the holding any less binding here. *But see Lopez-Arevelo v. Ripa*, No. 25-cv-337-KC, 2025 WL 2691828 (W.D. Tex. Sept. 22, 2025)."). As for this Court's other recent immigration habeas decisions, Respondents do not discuss, or even mention, them. *See generally id.*

Instead, Respondents offer boilerplate. Throughout its many decisions on this topic, the Court has rejected every legal argument raised in the Response. *Compare* Resp. 1–9, *with, e.g.*, *Lala Barros v. Noem*, No. 3:25-cv-488-KC, 2025 WL 3154059, at *1–6 (W.D. Tex. Nov. 10, 2025); *Erazo Rojas v. Noem*, No. 3:25-cv-443-KC, 2025 WL 3038262, at *1–5 (W.D. Tex. Oct. 30, 2025); *Martinez v. Noem*, No. 3:25-cv-430-KC, 2025 WL 2965859, at *1–5 (W.D. Tex. Oct. 21, 2025); *Santiago v. Noem*, No. 3:25-cv-361-KC, 2025 WL 2792588, at *1–14 (W.D. Tex. Oct. 2, 2025); *Lopez-Arevelo*, 2025 WL 2691828, at *1–13. It is Respondents' prerogative to preserve these arguments for appeal. Nevertheless, where they make no new legal arguments and no effort to distinguish the facts of this case from the Court's prior decisions, it follows that the same result is warranted here.

Thus, after careful consideration of the entire record,[1] and for reasons explained at length in *Lopez-Arevelo*, *Santiago*, *Martinez*, *Erazo Rojas*, *Lala Barros*, and this Court's many other decisions involving habeas claims brought by petitioners subject to mandatory detention under the Government's new interpretation of 8 U.S.C. § 1225(b), Castellon Palma's Petition is **GRANTED IN PART** on procedural due process grounds.

---

[1] The relevant facts are undisputed, *see* Resp. 1–2, and the Court grants relief without a hearing. *See Tijerina v. Thornburgh*, 884 F.2d 861, 866 (5th Cir. 1989) (citations omitted).

The Court **ORDERS** that, **on or before January 13, 2026**, Respondents shall either: (1) provide Castellon Palma with a bond hearing before an IJ, at which the Government shall bear the burden of justifying, by clear and convincing evidence of dangerousness or flight risk, Castellon Palma's continued detention; or (2) release Castellon Palma from custody, under reasonable conditions of supervision.

**IT IS FURTHER ORDERED** that, **on or before January 13, 2026**, Respondents shall **FILE** notice informing the Court whether Castellon Palma has been released from custody. If Castellon Palma has not been released from custody, Respondents shall inform the Court whether and when a bond hearing was held in accordance with the preceding paragraph. Respondents shall further inform the Court, in detail, of the reasons for the IJ's decision.

**There will be no extensions of the January 13, 2026, deadlines.**

**SO ORDERED**.

**SIGNED** this 6th day of January, 2026.

_Kathleen Cardone_
KATHLEEN CARDONE
UNITED STATES DISTRICT JUDGE